Citation Nr: 1817420 
Decision Date: 03/22/18 Archive Date: 04/03/18

DOCKET NO. 14-31 938A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon


THE ISSUES

1. Entitlement to an initial rating in excess of 20 percent for residuals of prostate cancer, excluding a period for which a temporary total rating was assigned during active malignancy or antineoplastic therapy.

2. Entitlement to an initial compensable rating for tension headaches, residual of a traumatic brain injury (TBI).

3. Entitlement to an initial rating in excess of 10 percent for tinnitus.

4. Entitlement to service connection for malaria.


REPRESENTATION

Appellant represented by: Oregon Department of Veterans' Affairs



WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

P. Timmerman, Associate Counsel


INTRODUCTION

The Veteran served on active duty in the Marine Corps from November 1968 to November 1969. 

This case is before the Board of Veterans' Appeals (Board) on appeal from August 2011 and October 2012 rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Portland, Oregon.

In July 2017, the Veteran testified at a video-conference hearing before the undersigned. A transcript of the hearing is of record.


VETERAN'S CONTENTIONS

The Veteran is currently rated at 20 percent disability for residuals of prostate cancer. His tension headaches are rated as noncompensably disabling. He claims that these ratings do not accurately reflect the severity of his disabilities. Specifically, he asserts that he has frequent difficulty controlling his bladder, and that he still occasionally has bad headaches despite his medication. He claims his headaches should be evaluated at 30 percent disabling.



FINDINGS OF FACT

1. The Veteran was diagnosed with prostate cancer in October 2010 and underwent a radical retropubic prostatectomy in December 2010.

2. An August 2011 VA examination concluded that the Veteran's prostate cancer was in remission. The examiner recorded that the Veteran experienced voiding dysfunction requiring changing of absorbent materials less than twice per day, daytime voiding every hour or two hours, no obstructed voiding, and no history of urinary tract infections. The examiner noted that the Veteran did not require a catheter or any other appliance.

3. At a July 2017 hearing before the Board, The Veteran testified that he tended to change his absorbent materials twice a day, that he got up to void three to five times per night, and that during the day he voided every hour or hour-and-a-half. He testified that he had experienced these symptoms ever since his surgery. He testified that he did not use a catheter.

4. At a March 2012 VA examination, the examiner recorded that the Veteran's tension headaches occurred twice a week, lasted an hour or less, were not associated with nausea or vomiting, and were non-prostrating. Although the examiner checked "yes" next to the item "Non-Migraine - Does the Veteran have prostrating attacks of non-migraine headache pain?" he clarified in an August 2012 addendum that this item was checked in error. The examiner reaffirmed that the Veteran's headaches were non-prostrating.

5. At a May 2016 VA Medical Center appointment, the clinician made an assessment of migraine headaches and noted that "the frequency and severity of [the Veteran's] headaches has decreased significantly."

6. At the July 2017 Board hearing, the Veteran testified that his headaches worsened in 2008 or 2009, but that they had improved since a new doctor changed his prescription sometime before 2010. He testified that as long as he takes his medicine, he usually does not get headaches. However, he nevertheless still gets a "bad one" every few months, for which he takes a different medicine, which "wipes him out" for several hours. When asked if his headaches had gotten worse since he filed his notice of disagreement in October 2012, the Veteran replied "No, ma'am, it gotten worse. They're controllable."

7. In July 2015, before the promulgation of a Board decision, the Veteran's representative submitted correspondence indicating that the Veteran wished to withdraw the appeal of his claims for an increased rating for tinnitus and service connection for malaria.


CONCLUSIONS OF LAW

1. Since August 8, 2011, the criteria for an increased rating of 40 percent, but no higher, for the residuals of prostate cancer have been met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.115a, 4.115b, Diagnostic Code 7528 (2017).

2. The criteria for an initial compensable rating for tension headaches have not been met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.214a, Diagnostic Code 8045-8100.

3. The criteria for withdrawal of the appeal on the issue of entitlement to an initial rating in excess of 10 percent for tinnitus have been met. 38 U.S.C. § 7105(d)(5) (2012); 38 C.F.R. § 20.204 (2017).

4. The criteria for withdrawal of the appeal on the issue of entitlement to service connection for malaria have been met. 38 U.S.C. § 7105(d)(5) (2012); 38 C.F.R. § 20.204 (2017).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Residuals of Prostate Cancer

In an August 2011 rating decision, the RO assigned the Veteran a rating of 100 percent disability from December 10, 2010, the date the Veteran's informal claim was received, to August 8, 2011, the date of the Veteran's first VA examination, which fell more than six months after his prostatectomy. The RO assigned a 20 percent rating from August 8, 2011 on for voiding dysfunction. The Veteran contested the rating of 20 percent in an October 2011 notice of disagreement, and perfected an appeal in September 2014.

As noted above, the Board finds that an increased rating of 40 percent is warranted throughout the claim period for residuals of prostate cancer. The Veteran's testimony at the July 2017 hearing that he had experienced symptoms warranting a rating of 40 percent disability ever since his surgery is contradicted only by the August 2011 VA examination, at which the Veteran reported symptoms warranting only a rating of 20 percent disability. However, the August 2011 examination is not probative as to the severity of his symptoms after the examination, which limits its probative value to the date on which it was conducted, August 8, 2011. Given that the Veteran's subsequent hearing testimony comprises the only other material evidence of record, the Board finds that the evidence is at least equally balanced as to whether his symptoms warranted a 40 percent disability rating on that date as well. Therefore, resolving all reasonable doubt in the Veteran's favor, the Board finds that a rating of 40 percent, but no higher, is warranted throughout the claim period, from August 8, 2011 on.

A rating in excess of 40 percent is warranted only for voiding dysfunction requiring the use of an appliance (such as a catheter) or the wearing of absorbent materials which must be changed more than four times per day. Because there is no evidence that the Veteran required the use of a catheter or other appliance, or that the he needed to change his absorbent materials more than twice a day at any point throughout the claim period, a rating in excess of 40 percent is not warranted.

Tension Headaches, Residual of a TBI

As noted above, the Board finds that an initial compensable rating for tension headaches is not warranted. The Veteran's headaches are currently rated under Diagnostic Code (DC) 8100. Under that code, the minimum rating of 10 percent requires prostrating attacks averaging one in two months for the last several months. Because the Veteran's headaches have not caused prostrating attacks at any point during the claim period, an initial compensable rating for tension headaches is not warranted.

The Board acknowledges that at the July 2017 hearing, the Veteran's representative asked the Board to remand the Veteran's headache claim for a VA examination to clarify the current severity of his headaches. The representative argued that the Veteran had not been afforded an examination since his original examination in March 2012. However, the Veteran has not alleged that his headaches have worsened since that time, and the mere passage of time does not suffice to warrant a new VA examination. Palczewski v. Nicholson, 21 Vet. App. 174, 182-83 (2007). 

In this regard, the Board notes that the Veteran's hearing testimony as to whether his headaches had worsened since the March 2012 VA examination is ambiguous. As noted above, when asked if his headaches had gotten worse since he filed his notice of disagreement in October 2012, the Veteran replied "No, ma'am, it's gotten worse. They're controllable." Although the phrase "it's gotten worse" seems to mean "the headaches have gotten worse," this sense is contradicted by the Veteran's initial clear negative ("No ma'am"), as well as by his comment that "they're controllable." In light of the rest of the Veteran's hearing testimony-that his headaches had worsened until his treatment changed sometime before 2010, after which they had improved-the Board finds that the Veteran's response indicates that his headaches had not worsened since his October 2012 notice of disagreement, and that his testimony as a whole indicates that they had improved since sometime before 2010. Therefore, because the Veteran has not alleged that his headaches have worsened since the time of his last evaluation, the Board finds that he is not entitled to a new VA examination at this time.

Withdrawal

In July 2015, the Veteran's representative submitted correspondence to VA indicating that the Veteran wished to withdraw his appeal of the issues of entitlement to service connection for malaria and an increased rating for tinnitus. Under 38 C.F.R. § 20.204, an appeal may be withdrawn on the record during a hearing or in writing at any time before the Board promulgates a decision. Thus, the Veteran's representative's statement satisfies the criteria for withdrawal of the substantive appeal as to the aforementioned issues. 38 C.F.R. § 20.204 (2017).

The Board acknowledges that, in July 2017, following the Veteran's withdrawal, the Board took testimony on the issue of entitlement to service connection for malaria. However, the Board finds that it took such testimony in error, as the Board did not then have jurisdiction over that issue. In sum, the Board concludes that it does not have jurisdiction to review an appeal as to the aforementioned issues, and it is dismissing them at this time.


ORDER

A rating of 40 percent since August 8, 2011 for residuals of prostate cancer is granted.

An initial compensable rating for tension headaches is denied.

The appeal of the issue of entitlement to an initial rating in excess of 10 percent for tinnitus is dismissed.

The appeal of the issue of entitlement to service connection for malaria is dismissed.




____________________________________________
S. C. KREMBS
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs